UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 2 5 2010

JAMES N. HATTEN, Clerk

-HTW-

|  |  |  |
|---|---|---|
| GERMAN ROSALES and LUIS CARTAGENA, individually and on behalf of all other persons similarly situated who were employed by THERMAL INSULATION, INC. INC. | ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1·10·CV–1970 |
| Plaintiffs, | ) ) | COLLECTIVE ACTION UNDER THE FAIR LABOR |
| vs. | ) ) | STANDARDS ACT |
| THERMAL INSULATION, INC. | ) ) ) | |
| Defendant. | ) ) | |

Plaintiffs, for their complaint against Defendant, allege upon knowledge as to themselves and upon information and belief as to all other matters as follows:

## OVERVIEW AND NATURE OF ACTION

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b). It is brought to recover unpaid overtime compensation owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by Thermal Insulation, Inc. ("Thermal" or "Defendant"). This action is brought on behalf of current and former Thermal employees who elect to opt into this action.

2.     Beginning at least as early as approximately 2006, and upon information and belief, continuing thereafter, Thermal has engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the FLSA. Specifically, instead of providing its employees with the legally-required overtime, Defendant had a practice of falsely characterizing a portion of its employees' regular hourly wage as "Non Tax Trvl" and falsely representing these funds as reimbursement of travel expenses. These amounts were not reimbursement of travel expenses and were, in fact, a portion of the hourly wages of its employees. Nonetheless, Thermal refused to include the "Non Tax Trvl" amount as a portion of its employees' regular hourly wage when calculating overtime payments.

3.     The named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including overtime compensation, they were deprived of, plus interest, damages, attorneys' fees, and costs.

4.     This is the second lawsuit that has been filed in the federal district court for the Northern District of Georgia challenging Thermal's violations of the FLSA. On June 27, 2009, Curtis Hunt filed a case styled *Curtis Hunt v. Thermal Insulation, Inc.*, Civil Action No. 1:09-CV-1445-WSD (N.D. Ga.) (the "Hunt

Action") challenging Thermal's FLSA violations. In 2009 and 2010, more than fifty individuals opted into the Hunt Action.

5.      The Hunt Action was dismissed by the Court by Order dated April 30, 2010, based on a finding by the Court that Mr. Hunt lacked standing to pursue the claim or to move to amend the Complaint to add plaintiffs. In the Court's April 30, 2010 Order, the Court stated "[t]he individuals who submitted opt-in forms have... had their claims tolled and will not be prejudiced by dismissal. The Court admonishes these putative plaintiffs to file their new actions as quickly as possible by asserting these claims with proper representatives or as proper individual actions." This action is filed pursuant to that directive of the Court.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

7.      Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district in which the Defendant resides or may be found at the time the action is commenced.

## THE PARTIES

8.      Plaintiff German Rosales resides in Gainesville, Georgia. Plaintiff Rosales was employed by Thermal beginning in or about 2006 and he was last

3

employed in approximately September 2009. He regularly worked in excess of forty hours per week.

9. Plaintiff Luis Cartagena resides in Gainesville, Georgia. He was employed by Thermal beginning in or about 2006 and he was last employed in approximately January 2010. He regularly worked in excess of forty hours per week.

10. Defendant Thermal is a corporation incorporated under the laws of the State of Alabama. It engages, principally in the insulation business for large commercial construction projects in the Southeastern United States, including in Georgia. Thermal may be served through its registered agent, Business Filings Incorporated, 1201 Peachtree Street, NE, Atlanta, GA 30361.

## FACTS RELATING TO GERMAN ROSALES

11. Plaintiff Rosales began employment with Thermal in or about 2006. At the time he began, Plaintiff was told that he would be paid at an hourly rate of $12.00 per hour. Plaintiff's hourly wage was later increased.

12. While working for Thermal, Plaintiff Rosales was regularly required to work in excess of forty hours per week.

13. Beginning in approximately 2006, Thermal recharacterized the way that it compensated Plaintiff Rosales for work he performed on behalf of Thermal. Thermal began falsely characterizing a portion of the hourly wage that it paid

4

Plaintiff Rosales as "Non Tax Trvl." This amount was not for travel or other expenses, but instead was simply a substantial portion of the hourly wage that it had agreed to pay Plaintiff Rosales.

14.     Upon information and belief, Thermal "reversed engineered" the amount it was paying to Plaintiff Rosales (and others similarly situated to Plaintiff Rosales) so that it could continue paying him overtime at a rate that was less than time-and-one-half of his straight-time rate.

15.     Upon information and belief, Thermal falsely characterized the hourly wage amounts it was paying to Plaintiff Rosales for at least two reasons:  (a) to avoid paying lawfully-owed employment taxes on the amounts characterized by Thermal as "Non Tax Trvl;" and (b) to avoid having to pay Plaintiff Rosales (and other similarly situated to him) overtime pay at the full regular rate of pay.

16.     After falsely and unlawfully recharacterizing a portion of Plaintiff Rosales' hourly wage as "Non Tax Trvl," Defendant Thermal failed to pay Plaintiff Rosales time-and-a-half of his regularly hourly rate for each hour worked by him over forty in each week.  Instead, Defendant Thermal based Plaintiff Rosales' overtime payments solely on his artificially-deflated and false hourly rate exclusive of the "Non Tax Trvl" amount.

17.     As a result, Defendant Thermal unlawfully paid Plaintiff Rosales only a fraction of the amounts that he was owed under the Fair Labor Standards Act.

## FACTS RELATING TO LUIS CARTAGENA

18.    Plaintiff Cartagena began employment with Thermal in or about December 2005. At the time he began, Plaintiff was told that he would be paid at an hourly rate of approximately $12.00 per hour. Plaintiff's hourly wage was later increased.

19.    While working for Thermal, Plaintiff Cartegena was regularly required to work in excess of forty hours per week.

20.    Upon information and belief, beginning in approximately 2006, Thermal recast the way that it compensated Plaintiff Cartagena for work he performed on behalf of Thermal. Thermal began falsely characterizing a portion of the hourly wage that it paid Plaintiff Cartagena as "Non Tax Trvl." This amount was not for travel or other expenses, but instead was simply a substantial portion of the hourly wage that it had agreed to pay Plaintiff Cartagena.

21.    Upon information and belief, Thermal "reversed engineered" the amount it was paying to Plaintiff Cartagena (and others similarly situated to Plaintiff Cartagena) so that it could continue paying him at a rate that was less than time-and-one-half of his straight-time rate.

22.    Upon information and belief, Thermal falsely characterized the hourly wage amounts it was paying to Plaintiff Cartagena for at least two reasons: (a) to avoid paying lawfully-owed employment taxes on the amounts characterized by

6

Thermal as "Non Tax Trvl;" and (b) to avoid having to pay Plaintiff Cartagena (and other similarly situated to him) overtime pay at the full regular rate of pay.

23. After falsely recharacterizing a portion of Plaintiff Cartagena's hourly wage as "Non Tax Trvl," Defendant Thermal failed to pay Plaintiff Cartagena time-and-a-half of his regularly hourly rate for each hour worked by him over forty in each week. Instead, Defendant Thermal based Plaintiff Cartagena's overtime payments based solely on his artificially-deflated and false hourly rate exclusive of the "Non Tax Trvl" amount.

24. As a result, Defendant Thermal unlawfully paid Plaintiff Cartagena only a fraction of the amounts that he was owed under the Fair Labor Standards Act.

## FACTS RELATING TO THE COLLECTIVE CLASS

25. With respect to their claims for violations of the Fair Labor Standards Act, the named Plaintiffs seek certification of Count I of this Complaint pursuant to 29 U.S.C. § 216(b) with respect to the following presently ascertainable class of individuals: All former non-exempt Thermal employees who: (a) received a portion of their wages in the form of "Non Tax Trvl" or other forms that purport to be for reimbursement of travel expenses; (b) worked more than forty (40) hours in any work week during the three-year period preceding the commencement of this Action ; (c) had their overtime payment amounts calculated by excluding the Non

7

Tax Trvl or other expense reimbursement payment that they received; and (d) file a consent to join this action with the Court (collectively, the "FLSA Class").

26.     Plaintiffs' claims under the FLSA warrant the creation of the FLSA Class because the named Plaintiffs, are similarly situated to the group of persons they seek to represent in this collective action. All members of the FLSA Class were adversely affected by the same unlawful policy at Thermal – the policy of excluding Non Tax Trvl and other travel reimbursement expenses in the calculation of overtime payments. All members of the FLSA Class are seeking the same relief.

**COUNT 1 --**
**FLSA OVERTIME COMPENSATION**

27.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 26 hereof.

28.     Pursuant to the FLSA, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

30. Defendant Thermal is an employer, within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

31. Defendant failed to pay Plaintiffs and other members of the FLSA Class overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week because Defendant excluded portions of the regular rate paid to the FLSA Class.

32. The failure of Defendant to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful under the terms of the FLSA.

33. For the foregoing reasons, Defendant is liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

WHEREFORE, Plaintiffs and the members of the putative class demand judgment against Defendant in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys'

fees and costs, along with such other and further relief as the Court may deem just and proper.

## PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.

MUNGER & STONE, LLP

By: _____

Benjamin A. Stone
Georgia State Bar No. 683850

By: _____

Thomas J. Munger
Georgia State Bar No. 529609

999 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30309
(404) 815-1884
lawfirm@mungerandstone.com

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
New York State Bar No. 2301950
Trinity Centre
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080
(motion for *pro hac vice* admission to be filed)

*Attorneys for Plaintiffs*
*and the Putative Class*