UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERMAN ROSALES and LUIS CARTAGENA, individually and on behalf of all other persons similarly situated who were employed by THERMAL INSULATION, INC. INC. | ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 10-cv-1970-JOF |
| Plaintiffs, | ) ) ) | COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT |
| vs. | ) ) | |
| THERMAL INSULATION, INC. | ) ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between Thermal Insulation, Inc. ("Thermal" or "Defendant") and counsel for German Rosales and Luis Cartagena ("Named-Plaintiffs" or "Class Representatives"), as well as by counsel for the Class Representatives on behalf of other similarly situated individuals who have or may join this lawsuit in the manner described herein, and who shall form the entire collective class of plaintiffs (the "Class Members") in the pending lawsuit, *German Rosales and Luis Cartagena v. Thermal Insulation*, *Inc.*,  in the United States District Court For The Northern District Of Georgia, Civil Action File No. 1:08-CV-01970-JOF, ("the Action" or "Collective Action").

## I.      RECITALS

A.      On June 30, 2010, the Named-Plaintiffs commenced the Action against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

B.      Negotiations have now been held between counsel for Named-Plaintiffs and the Class Members and counsel for Defendant.

C.     The Named-Plaintiffs (on behalf of themselves and the Class Members) and Defendant agree and acknowledge that this Agreement is the result of a compromise and shall never at any time for any purpose be construed as an admission by Defendant of any liability or any liability in any particular amount.  Further, and without limiting the generality of the foregoing, nothing in this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or its employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

## II.     DEFINITIONS

A.     "Action" or "Collective Action" mean the lawsuit styled *German Rosales and Luis Cartagena v. Thermal Insulation*, *Inc.*, in the United States District Court For The Northern District Of Georgia, Civil Action File No. 1:08-CV-02858-JOF.

B.     "Agreement" means this Settlement Agreement and the Exhibits attached or incorporated herein, including any subsequent amendments and any exhibits to such amendments.

C.     "Attorneys' Fees and Costs" means such funds as may be awarded by the Court to Class Counsel to compensate them for their fees and expenses in connection with the Action.

D.     "Business Day" means a day of the year that is not a Saturday, Sunday, or Legal Holiday in the State of Georgia.

E.     "Class Counsel" means, jointly, Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, 14th Floor, New York, New York 10006 and Munger & Stone, LLP, 999 Peachtree Street, N.E., Suite 2850, Atlanta, Georgia 30309.

2

F.      "Class Members" means person(s) who are "similarly situated" to the Named-Plaintiffs in that they: (1) worked for Defendant in a non-exempt capacity during the Class Period as defined below; (2) received a payment during one or more workweeks during the Class Period designated "Non-Tax Trvl" on their pay stubs; and (3) have filed or shall file within the Notice Period an Opt-in Form joining this litigation.

G.      "Class Notice" means the form attached hereto as Exhibit A, including the Opt-in Form attached thereto.

H.      "Class Period" means the period of time from April 1, 2008 through June 30, 2010.

I.      "Defendant" means Thermal Insulation, Inc.

J.      "Defendant's Counsel" means Jackson Lewis LLP, 1155 Peachtree Street N.E., Suite 1000, Atlanta, Georgia 30309.

K.      "Execution Date" means the date on which this Agreement is signed by all parties.

L.      "Final Order" means the District Court's order(s) approving the settlement and this Settlement Agreement.

M.      "Final Settlement Date" means the date on which the Final Order approving this Agreement is entered by the District Court.

N.      "Notice Period" means the sixty (60) day period during which putative Class Members may join the Action.

N.      "Parties" means the Named-Plaintiffs, Class Members, and the Defendant, collectively.

O.      "Plaintiffs" or "Named-Plaintiffs" means German Rosales and Luis Cartagena.

P.      "Preliminary Approval Order" means the order to be entered by the District Court preliminarily approving the settlement and the agreed form which is attached as Exhibit B.

Q.      The terms "he or she" and "his or her" include "it" or "its" where applicable.

### III.     SCOPE OF SETTLEMENT AND NON-ADMISSION OF LIABILITY

A.      It is the intention of the Parties that this Agreement shall constitute a final and complete settlement and release (as defined in Paragraph VIII. A.), which release includes in its effect all affiliated entities and agents, and all present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns of Defendant.

B.      Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' Complaint, and further maintains that, for any purpose other than settlement, this action is not appropriate for collective treatment or class treatment.  Defendant contends and Plaintiffs dispute, among other things, that Defendant has complied with the FLSA. Plaintiffs contend that their claims have merit and are appropriate for class and collective action treatment.

### IV.     PAYMENTS TO PLAINTIFFS AND
### CLASS MEMBERS IN SETTLEMENT OF CLAIMS

Pursuant to this Agreement, the Defendant will make available to the Named-Plaintiffs and Class Members who return the Opt-in Form and who do not opt-out of the settlement the relief described herein in exchange for the Named-Plaintiffs and Class Members release of claims as described below.

A.      In accordance with the settlement administration process described in Section VII below, the Defendant will pay a maximum gross amount of $78,232.08 to be apportioned among

the Named-Plaintiffs and Class Members in accordance with the payment schedule attached as Exhibit C to this Agreement and as further described herein.

B.      The Named-Plaintiffs and Class Members understand that the payments to be made to each do not necessarily represent the exact amount that he or she may be allegedly owed by Defendant for back wages, unpaid wages, or other damages and understand that Defendant disputes the Named-Plaintiffs' and Class Members' claims. This Agreement is a compromise between the Parties in order to end this litigation.

C.      The payment schedule attached as Exhibit C represents good faith estimates by Class Counsel and Defendant's Counsel of each Named-Plaintiff or Class Member's proportionate share of the settlement amount. These amounts are based on the documents and information made available to Class Counsel during the discovery process including, but not limited to, payroll records, time sheets, and summaries of same.

D.      The settlement proceeds are calculated and allocated to each Named Plaintiff and Class Member on the following basis:  Each Named-Plaintiff or Class Member shall be paid an allocated amount for the Class Period as calculated based on the spreadsheet attached as Exhibit C to this Agreement.  The allocated amount for each Named-Plaintiff or Class Member shall be calculated based on columns AH ("Adjusted Regular Rate") and AI ("Adjusted Overtime Rate") on Exhibit C, to derive the amounts in column AO ("Total Pay-Calculated Different Way").  The allocated amount for each Named-Plaintiff or Class Member shall then be based on amounts in column AQ ("Difference Between Old and New Method").

E.      The mathematical calculations depicted on Exhibit C are based on the payroll data available through Defendant's payroll system.  Defendant warrants and represents that Exhibit C hereto is a true and accurate representation of the information maintained on Defendant's payroll

system and that:  (i) the amounts set forth in column B ("Total Regular Pay Rate") correctly reflect the amount per hour paid to the class members, other than for "Non Tax Trvl," as reflected in Defendant's Payroll System and as reflected on the pay stubs of the Class Members as "Regular" for each check set forth in column E ("Check #"); (ii) the amounts set forth in column D ("Total Premium Time Pay Rate") correctly reflect the amount per hour paid to the class members as "Non Tax Trvl" and reflected as such on the pay stubs of the Class Members for each check set forth in column E ("Check #"); (iii)  the amounts in column J ("Total Overtime Hrs") correctly reflect the number of overtime hours worked by each class member for each corresponding pay period as reflected in Defendant's payroll system; and (iv) the amounts in column AM  ("Total Overtime Pay") correctly reflect the results of paying each Class Member 1.5 times the Regular Rate Amt. plus the Premium Rate Amt. for each overtime hour worked during the corresponding pay period.

F.     Notwithstanding the representations in Paragraph E above, the parties acknowledge and agree that any error related to the calculation of the data set forth in Paragraph E does not operate as a waiver of this Agreement or nullify any of the terms stated herein.   In the event Defendant (or its counsel) or the Named-Plaintiffs and Individual Class Members (or their counsel) discover any alleged error in said calculations, such alleged error shall be brought to the attention of Defendant's counsel as soon as practical.   Defendant will them have ten (10) business days to review and correct any alleged error, if necessary.   The parties further agree that any alleged error of less than five minutes (for purposes of calculating time) or five dollars ($5.00) (for purposes of calculating any monetary amount) shall be deemed *de minimis* and not subject to recalculation under the terms of this paragraph.

G.      With respect to the Named-Plaintiffs and individual Class Members who filed consent forms prior to settlement, who are collectively set forth in Exhibit D, they also are each receiving an additional settlement payment of Four Hundred Dollars and Zero Cents ($400.00) to compensate them for the time incurred and risk taken by them in asserting these claims against Defendant.

H.      In addition to the Amounts set forth in Sections IV(A) and (F) above, Defendant also will pay an amount Class Counsel to compensate them for their attorneys' fees and costs, including class administration and accounting costs, incurred in connection with litigating the Action.  To obtain this compensation, Class Counsel will apply to the Court for payment of no more than Thirty Thousand Dollars ($30,000) in attorneys' fees and litigation costs, which Defendant will not oppose.  The total attorneys' fees and costs actually paid will be as approved by the Court in its Final Order.  Defendant will remit the entire amount of attorneys' fees and costs within forty-five (45) calendar days after the Court's entry of the Final Order to the client trust account of Munger & Stone, LLP.  The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded.  Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Agreement, and shall not affect or delay the entry of dismissal of the Action.

## V.      PRELIMINARY APPROVAL AND NOTICE TO THE CLASS

A.      Within five (5) business days of the Execution Date, the Parties shall jointly move the District Court where the Action is pending for the entry of the Preliminary Approval Order attached to this Agreement as Exhibit B.  The Preliminary Approval Order shall, in addition to seeking preliminary approval of this Agreement, authorize notice to be provided to putative

Class Members, informing them of the terms of this Agreement and providing them an opportunity to opt-in to this action, in the form of the "Notice of Collective Action Settlement and Settlement Hearing" and the annexed Opt-in Form (together, the "Class Notice" or "Notice") attached hereto as Exhibit A, unless otherwise modified by the Court.

B.      Within ten (10) business days after entry of the Preliminary Approval Order, Defendant shall provide to Class Counsel the following data regarding all putative Class Members: (1) the last known addresses it has in file; and (2) each putative Class Member's weeks of employment and corresponding pay during the Class Period.  Defendant will provide this data in Excel spreadsheet format.

C.      The Notice shall be sent by Class Counsel, by first-class mail, within twenty-one (21) business days of Class Counsel's receipt of the information to be provided by Defendant pursuant to the preceding paragraph.  Class Counsel shall endeavor to effectuate mailing of all Notices on the same day to ensure ease of administration and establishment of a Bar Date as described in the following paragraph.  Upon mailing, Class Counsel will promptly provide the date of mailing and copies of all mailed Notices to Defendant's Counsel.

D.      Each Putative Class Member shall have sixty (60) calendar days from the date of mailing of the Notice to deliver his or her Opt-in Form to Class Counsel via first class mail. Class counsel shall immediately provide Defendant's Counsel with copies of all returned Opt-in Forms along with the date of delivery.  For purposes of this section, delivery of the Opt-in Form by each Class Member to Class Counsel will be deemed to have occurred on the date postmarked on the envelope containing and transmitting the Opt-in Form.

## VI.    <u>OBJECTIONS TO SETTLEMENT</u>

A.     Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses, must deliver to one of the Class Counsel identified in the Notice and file with the Court, within thirty (30) calendar days of the mailing of the Notice or as the Court otherwise may direct, a written statement of the objections, as well as the specific reason(s), if any, for each objection. The objections must include any evidence or other information the Class Member wishes to introduce in support of the objections. Class Members may do so either on their own or through an attorney retained at their own expense.  Class Counsel shall provide a copy of any such request to Defendant's Counsel upon receipt.

B.     Any Class Member who objects to this Agreement or the proposed settlement but fails to comply with the procedures for submission of objections set forth in the preceding paragraph will be deemed to have waived any right to object (and any objection) to the settlement.

C.     No Named-Plaintiff may object to the adequacy, reasonableness, or fairness of this Agreement.

D.     None of the Parties, their counsel, nor any other person on their behalf, shall seek to discourage any putative Class Member from participating in this Agreement or the proposed settlement, encourage any putative Class Member to file objections to this Agreement or the proposed settlement, or encourage any appeal from any order of the Court that is consistent with the terms of this Agreement and the proposed settlement.

### VII.   SETTLEMENT ADMINISTRATION PROCESS

The following process shall govern the payments to be made by Defendant to the Named-Plaintiffs and Class Members in settlement of the claims that were asserted in this Action:

A.     On or before a date ten (10) business days after the entry of the Final Order, Defendant will mail a check directly to each Named Plaintiff and Class Member who returns an Opt-in Form.  The check shall be in the amount identified for the Class Member in the column labeled column AQ ("Difference Between Old and New Method") on Exhibit C (less all applicable tax withholdings).  This amount shall be reportable to each Named Plaintiff and each Class Member on a W-2 form issued by Defendant for calendar year 2011.

B.     In addition, Defendant will mail a separate check to each Named-Plaintiff and Class Member identified in Exhibit D in the amount of Four Hundred Dollars and Zero Cents ($400.00).   This amount shall be reportable to each Named Plaintiff and each Class Member identified in Exhibit D on a form IRS 1099 MISC issued by Defendant to each applicable Named-Plaintiff or Class Member for calendar year 2011.

C.     All checks to the Named-Plaintiffs and Class Members shall be mailed to the address identified on Exhibit C hereto, unless otherwise directed in writing by Class Counsel. Defendant shall generate and prepare the checks, and shall rely on W-4 and other tax withholding information provided by the Named-Plaintiffs and Class Members during the course of their employment.

D.     In the event that any Named Plaintiff or Class Member, cannot be located or contacted based on the information provided in order to disburse settlement proceeds, then Settlement funds that are unclaimed by any individual Named Plaintiff or Class Member for a period of over three hundred and sixty-five (365) days will be transmitted to Class Counsel, via a

check made payable to Munger & Stone, LLP Trust Account, to be disbursed on a pro-rata basis to the remaining Named-Plaintiffs and Class Members, or in the event the remaining amount is less than $2,500, to revert back to Defendant.

E.     On or before a date ten (10) business days after the entry of the Final Order, Defendant also will deliver to Munger & Stone, LLP, a check for attorneys' fees and expenses of this litigation.  The check shall be made payable to the Munger & Stone, LLP Trust Account, for the benefit of Munger & Stone, LLP and Virginia & Ambinder, LLP.  This payment shall be reportable to Munger & Stone, LLP Trust Account on a Form 1099, issued by Defendant for calendar year 2011 and as otherwise deemed appropriate by Defendant.

D.     If the required payments under this Section are not made, the Action shall be reinstated on Motion by Named-Plaintiffs.

E.     Named-Plaintiffs and Class Members acknowledge that they are responsible for any taxes that are legally due and owing to the extent that Defendant does not withhold such amounts from the settlement checks described in Paragraph VII A – B above, except those taxes that are the legal responsibility of Defendant.  In the event that Defendant is required to pay any taxes, penalties, interest, fines or withholdings that are the legal responsibility of the Named-Plaintiffs and/or Class Members, the Named-Plaintiffs and Class Members agree to hold harmless and indemnify Defendant for all such taxes, penalties, interest, fines or withholdings incurred by Defendant.  In the event that the Named-Plaintiffs and/or Class Members are required to pay any taxes, penalties, interest, fines or withholdings that are the legal responsibility of Defendant, Defendant agrees to hold harmless and indemnify the Named-Plaintiffs and Class Members for all such taxes, penalties, interest, fines or withholdings incurred by any or all of them.

11

## VIII.   RELEASE AND WAIVER

The parties agree to the following release and waiver (the "Release"), which shall take effect upon entry of the Final Order:

A.      In consideration for the settlement benefits described in this Agreement, all Named-Plaintiffs and Class Members, hereby release, discharge and hold harmless Defendant and its present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors, and assigns (collectively "Defendant") from, and shall not now or hereafter institute, maintain, or assert against Defendant, either directly or indirectly, on their own behalf, on behalf of the Class or on behalf of any other person or entity, any and all causes of action, claims, suits, petitions, liabilities, demands in law and equity, damages, sums of money, awards, obligations, judgments, contracts, agreements, promises, liens, equitable or legal, and administrative relief, declaratory relief, interest, demands or rights that have been, could have been, may be or could be alleged or asserted now or in the future by any of them against Defendant in the Action arising out of, or in any way related to any claims for wages, overtime wages, and prevailing wages, under federal wage and hour laws, including, but not limited to, the FLSA, or under state minimum wage or overtime statutes, state wage payment and collection statutes, and any claims for overtime or minimum wage remuneration or compensation for asserted under state common law under any theory of tort, contract, or otherwise.

B.      Nothing in this Release shall preclude any action to enforce the terms of this Agreement by any of the Parties hereto.

C.      To facilitate this Release and all other terms of the Agreement, the Parties will seek and obtain from the Court, as a condition of settlement, a Final Order as further described below.  The Named-Plaintiffs and the Class Members hereby agree and acknowledge that the provisions of this Release constitute an essential and material term of the Agreement and shall be included in any Final Order entered by the Court.

D.      In further consideration for the payment to Class Counsel described in Paragraph VII. E. above, Defendant agrees to take all action necessary (to the extent further action is required) to fully withdraw its Motion for Sanctions pending in the prior, related lawsuit styled *Curtis Hunt v. Thermal Insulation, Inc.*, Civil Action File No. 1:09-CV-1445-WSD, to the extent allowed by the Court overseeing that action or as otherwise permitted by law.

## IX.     FINAL APPROVAL AND FINAL ORDER

On or before a date ninety (90) calendar days after entry of the Preliminary Approval Order, the Parties shall seek from the Court a Final Order. The Final Order shall, among other things:

A.      Find that the Court has personal jurisdiction over all Named-Plaintiffs and Class Members and that the Court has subject matter jurisdiction over the claims asserted in the Action to approve this Agreement;

B.      Finally approve this Agreement and the proposed settlement as fair, reasonable and adequate, consistent and in compliance with the applicable provisions of the United States Constitution, the FLSA, and the Federal Rules of Civil Procedure, as to and in the best interest, of the Class;

C.      Direct the Parties and their counsel to implement and consummate this Agreement according to the terms and provisions;

D.     Find that the Notice, all other notices in this Agreement, and the notice methodology implemented pursuant to this Agreement:  (1) constituted the best practicable notice under the circumstances, (2) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed settlement, and to appear in the Fairness Hearing; and (3) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.

E.     Find that Class Counsel and the Plaintiffs adequately represented the Class for purposes of entering into and implementing the settlement;

F.     Order dismissal of  the Action (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement, and order that said dismissal shall become effective ten (10) days after disbursement of the settlement funds as set forth in this Agreement; and

G.     Incorporate the Release set forth above in Section VIII, and make the Release effective as of the date of the dismissal.

## X.     MODIFICATION OR TERMINATION OF THIS AGREEMENT

A.     The terms and provisions of this Agreement may be amended, modified, or expanded solely by written agreement of the Parties and approval of the Court.

B.     This Agreement shall terminate at the discretion of either the Defendant or the Named-Plaintiffs and Class Members, through Class Counsel, if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed settlement that the terminating party reasonably determine(s) is material, including, without limitation, the terms of relief, the findings, or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release, or (2) the Court, or any

appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order, or any of the Court's findings of fact or conclusions of law, that the terminating party reasonably determine(s) is material. The terminating party must exercise the option to withdraw from and terminate this Agreement, as provided in this Section, no later than twenty-one (21) calendar days after receiving notice of the event prompting the termination.

C.      If an option to withdraw from and terminate this Agreement arises under this Section, neither the Defendant nor Named-Plaintiffs and Class Members is required for any reason or under any circumstance to exercise that option and any exercise of that option shall be in good faith.

D.      If this Agreement is terminated pursuant to this Section above, then this Agreement shall be null and void and shall have no force or effect, and none of the Parties to this Agreement shall be bound by any of its terms, except for the terms of this Section.

## XI.      GENERAL MATERIALS AND RESERVATIONS

A.      This Agreement, complete with its exhibits, sets forth the sole and entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by Class Counsel and Defendant's Counsel.  The parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed in this Agreement exist among or between them and that in deciding to enter into this Agreement, they rely solely upon their judgment and knowledge. This Agreement supersedes any prior agreement, understanding or undertaking (written or oral) by and between the Parties regarding the subject matter of this Agreement.

B.      This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.  The Parties

hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

C.    This Agreement and any amendments thereto, shall be governed by and interpreted according to the law of Georgia.

D.    Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which this Action is pending.

E.    Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by facsimile and/or next-day (excluding Sunday) express delivery service as follows:

    1.    If to the Defendant, then to:

        Brandon M. Cordell, Esq.
        JACKSON LEWIS LLP
        1155 Peachtree Street, N.E.
        Suite 1000
        Atlanta, Georgia 30309
        (404) 525-8200

    2.    If to Plaintiffs, then both to:

        Lloyd R. Ambinder, Esq.
        Virginia & Ambinder, LLC
        Trinity Centre
        111 Broadway, 14th Floor
        New York, New York 10006
        (212) 943-9080

         and

        Benjamin A. Stone, Esq.
        Munger & Stone, LLP
        999 Peachtree Street, N.E.

16

Suite 2850
Atlanta, Georgia 30309
(404) 815-1884

F.      In computing any period of time prescribed or allowed by this Agreement or any order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days. As used in this Section, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States.

G.      The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

H.      No opinion concerning the tax consequence of the proposed settlement to individual Class Members is given or will be given by Named-Plaintiffs, Class Counsel, Defendant, or Defendant's Counsel, nor are any representations or warranties in this regard made by virtue of this Agreement. The Class Notice shall direct Class members to consult with their own tax advisors regarding the tax consequences of the proposed settlement, including any payments, or credits provided hereunder, and any tax reporting obligations they may have with respect thereto. Each Class Member's tax obligations, and the determination thereof, are the sole

17

responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

I.      The Parties, their successors and assigns, and their counsel shall undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

J.      The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

K.      The Parties, their successors and assigns, and their counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed settlement.

L.      It is agreed that because the Class Members are so numerous, it is impossible or impractical for each Class Member to execute this Agreement.  Accordingly, each individual Class Member's signature on the Opt-in Form shall constitute binding evidence his or her acceptance of this Agreement and have the same force and effect as if he or she signed this Agreement.

K.      This Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

 

                                                                                   THERMAL INSULATION, INC.

_____

Benjamin A. Stone                                                    By:    _____

Georgia Bar No. 683850                                         Title:  _____

*Counsel for Plaintiffs*

MUNGER & STONE, LLP

999 Peachtree Street, N.E., Suite 2850

Atlanta, Georgia 30309                                           _____

Telephone:  (404) 815-0829                                   Brandon M. Cordell

Facsimile:  (404) 815-4687                                    Georgia Bar No. 142030

Email:  lawfirm@mungerandstone.com               *Counsel for Defendant*

                                                                                   JACKSON LEWIS LLP

_____

Lloyd Ambinder
(Admitted *Pro Hac Vice*)
*Counsel for Plaintiffs*
VIRGINA & AMBINDER, LLC
111 Broadway, Suite 1403
New York, New York 10006
Telephone: (212) 943-9080
Facsimile: (212) 943-9082
Email: lambinder@vandallp.com


*Attorneys for Named Plaintiffs
and Class Members*

1155. Peachtree St., N.E.
Atlanta, Georgia 30309
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
Email: cordellb@jacksonlewis.com


_____

David E. Block, Esq.
 (Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3500
Miami, Florida  33131-2374
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Email:  blockd@jacksonlewis.com


*Attorneys for Defendant*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERMAN ROSALES and LUIS | ) | |
| CARTAGENA, individually and | ) | |
| on behalf of all other persons similarly | ) | |
| situated who were employed by | ) | |
| THERMAL INSULATION, INC. | ) | CIVIL ACTION |
| INC. | ) | FILE NO. 10-cv-1970-JOF |
| | ) | |
| Plaintiffs, | ) | COLLECTIVE ACTION |
| | ) | UNDER THE FAIR LABOR |
| vs. | ) | STANDARDS ACT |
| | ) | |
| THERMAL INSULATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF COLLECTIVE ACTION SETTLEMENT AND SETTLEMENT HEARING**

TO: All current and former nonexempt employees who work or have worked for Thermal Insulation, Inc. ("Thermal") at any time during the period beginning April 1, 2008 and ending June 30, 2010 who received a payment during one or more workweeks during that period designates as "Non-Tax Trvl" on their paystubs.

**PLEASE READ THIS NOTICE CAREFULLY**

If you are receiving this Notice, you may be entitled to a payment under the Settlement described below:

All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable if the Settlement is approved, should be directed to Plaintiffs' Counsel. Please call 212-943-9080 or write to Plaintiffs' Counsel, Lloyd Ambinder, Esq. at Virginia & Ambinder, LLC, 111 Broadway, Suite 1403, New York, New York 10006. PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANT OR DEFENDANT'S ATTORNEYS WITH ANY INQUIRIES.

1. YOU ARE HEREBY NOTIFIED that a proposed settlement ("the Settlement") of this collective action pending in the U.S. District Court for the Northern District of Georgia (the "Case") has been reached by the parties. The purpose of this Notice is to describe the Case and to inform you of the settlement terms and your rights and options in connection with the Settlement. If the Settlement is finally approved, it will resolve all claims in the Case.

## SUMMARY OF THE LITIGATION

2. This Case alleges that, in violation of federal law, Thermal employees were not paid all overtime compensation to which they were entitled because of Thermal's use of a "Non-Tax Travel" payment in its compensation system.

3. Thermal maintains that it paid its employees all compensation it owed to them and that its payment of "Non-Tax Travel" did not have to be included in calculating the overtime rate of pay.  Thermal denies any liability or wrongdoing of any kind in connection with the claims alleged.

4. On _____, the Court directed that this Notice be sent to all persons who may be entitled to money under the Settlement.

## SUMMARY OF SETTLEMENT TERMS

5. Plaintiffs and Thermal entered into a proposed Settlement in May of 2011.  The principal terms of the Settlement are summarized in this Notice.

6. The Settlement Agreement provides that Thermal will pay an allocated amount (as described below) that accrued from April 1, 2008 through June 30, 2010, to settle the claims in the case.  In addition, Thermal has agreed to pay the Named-Plaintiffs and certain individuals who have provided opt in forms to Plaintiffs' counsel prior to issuance of this Notice and who were involved in this lawsuit an additional amount of Four Hundred Dollars ($400.00) to compensate the them for undertaking the responsibility of acting as representative plaintiffs and for the work they have done to bring about the settlement of this case.

7. Attorneys' Fees and Costs: Virginia & Ambinder, LLC and Munger & Stone, LLP ("Plaintiffs' Counsel") have served as the attorneys for the Plaintiffs and the Class Members in this Case.  They have been prosecuting the case on a contingency fee basis, without being paid, while advancing the costs and expenses of litigating the case.  The Settlement provides that they will request that the Court award them attorneys' fees and costs in an amount not more than Thirty Thousand Dollars ($30,000).  This payment must be approved by the Court before payment by Thermal.  Any amounts approved by the Court will constitute full payment for all legal fees and expenses of Plaintiffs' Counsel in the Case, including any work they do in the future.  These attorneys' fees are within the range of fees awarded to Plaintiffs' Counsel under similar circumstances in other cases of this type.  You will not be personally responsible for any fees or expenses.

8. How the Settlement will be distributed to the Class Members:

   a. Each Class Member, as defined above, who returns the Opt-in Form attached to this Notice shall receive an allocated amount calculated by adjusting the Class Member's regular rate of pay to include the "Non-Tax Trvl" payment omitted from calculation of the regular rate in Thermal's compensation system (the

2

"Adjusted Regular Rate"). The Adjusted Regular Rate will then be used to calculate an Adjusted Overtime Rate and recalculate each Class Member's overtime compensation. The difference between the amount of overtime compensation actually paid and the recalculated amount will equal each Class Members allocated amount.

    b. A check for your allocated amount will be sent to you at your most current address available at the time of payment, so it is important that you advise Plaintiffs' Counsel of any changes in your address. The settlement checks will be valid for ninety (90) days.

9. Taxes: The amount you receive as compensation under the Settlement represents taxable income. Appropriate IRS forms (and the equivalent state forms) will be distributed to Class Members. All Class Members having questions about the tax consequences of the payments they may receive under the Settlement should consult with their tax advisors. The usual and customary deductions will be made from the wage portion of the settlement payment allocated to each Class Member. Thermal will pay the employer's portion of all federal and state withholdings required by law.

10. Unclaimed Funds: All settlement checks must be cashed within 90 calendar days of the date on which they were issued. Any portion of the Settlement Fund that Class Members do not claim by cashing the checks sent to them within 365 days of the date of the check is issued will be paid to Class Counsel, who will disburse those funds to all remaining Class Members (or, in the event the amount is less than $2,500, revert to Defendant) in accordance with the Settlement Agreement.

11. Release: If approved by the Court, the Settlement Agreement will waive your right to claim, under state or federal law, that Thermal did not properly compensate you for overtime or minimum wage under federal or state law during the period April 1, 2008 through June 30, 2010.

You will be releasing these claims against Thermal, if and when the Court grants final approval of the Settlement, based upon Thermal's representation that it is in compliance with all relevant federal and state laws pertaining to these claims and your employment. You will waive your right to make any such claims even if you do not know or suspect that you may have any such claims at the time of the release, and even if knowledge of such claims might have affected your decision not to object to, or opt out, of this Settlement.

You will not release or waive any claim(s) that you have currently pending against Thermal in any other judicial or administrative proceeding. If you fail to return the Opt-in Form or object to the Settlement in the manner described in Paragraph 13. A. below, you will not receive any payment and you will not release any claims.

3

12. Condition of Settlement: The Settlement is conditioned upon the Court approving it and entering an order at or following the Settlement hearing finding that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members.

13. You have several options regarding participation in this Settlement:

## YOUR OPTIONS

A. If you were employed by Thermal from April 1, 2008 through June 30, 2010, received a payment designated as "Non-Tax Trvl" on your paystub, wish to participate in the settlement and receive a money award, and agree to be bound by the class action settlement and release described above, you must complete and return the attached Opt-in Form, which must be mailed and postmarked on or before _____, 2011.

B. If you believe the Settlement should not be approved by the Court for any reason, you may state your objections to the Court. If you wish to do so, you must file your written objection with the Court on or before _____, 2011, stating why you object to the Settlement. In addition, you must send copies of your objection by first class mail, postmarked on or before _____, 2011, to Counsel for both of the parties at the addresses below:

| **Plaintiffs' Counsel** | **Defendant's Counsel** |
|---|---|
| Lloyd Ambinder | Brandon M. Cordell |
| New York Bar No. 2301950 | Georgia Bar No. 142030 |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |
| VIRGINA & AMBINDER, LLC | JACKSON LEWIS LLP |
| 111 Broadway, Suite 1403 | 1155. Peachtree St., N.E. |
| New York, New York 10006 | Atlanta, Georgia 30309 |
| Telephone: (212) 943-9080 | Telephone: (404) 525-8200 |
| Facsimile: (212) 943-9082 | Facsimile: (404) 525-1173 |
| lambinder@vandallp.com | cordellb@jacksonlewis.com |

All objections or other correspondence must state the name and number of the case, which is *German Rosales and Luis Cartagena v. Thermal Insulation, Inc.*, Civil Action File No. 1:08-CV-01970-JOF. If you do not follow the procedures for objecting described above, you will be deemed to have waived any objection to the Settlement.

4

## CHANGE OF ADDRESS

14. If you move after receiving this Notice, or if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Case and the Settlement sent to a different address, you should so advise Plaintiffs' Counsel.

## ADDITIONAL INFORMATION

15. This Notice is only a summary of the Case and the Settlement.  For a more detailed statement of the Case or Settlement, you may refer to the pleadings, the Settlement Agreement, and the other papers filed in the Case, which may be inspected at the Office of the Clerk of the U.S. District Court, located at 75 Spring Street, S.W., Atlanta, Georgia 30303, during regular business hours of each court day.  Also, you may call Plaintiffs' Counsel at 212-943-9080.   You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the Settlement from Plaintiffs' Counsel.   PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR DEFENDANT'S ATTORNEYS WITH QUESTIONS REGARDING THIS MATTER.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERMAN ROSALES and LUIS | ) | |
| CARTAGENA, individually and | ) | |
| on behalf of all other persons similarly | ) | |
| situated who were employed by | ) | |
| THERMAL INSULATION, INC. | ) | CIVIL ACTION |
| INC. | ) | FILE NO. 10-cv-1970-JOF |
| | ) | |
| Plaintiffs, | ) | COLLECTIVE ACTION |
| | ) | UNDER THE FAIR LABOR |
| vs. | ) | STANDARDS ACT |
| | ) | |
| THERMAL INSULATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**OPT-IN FORM**

Name/Address Changes (if any):

Name                              _____
Address                          _____
City, State, Zip                _____

If your name or address is different from those shown above, print the corrections on the lines
above and to the right.

**YOU MUST COMPLETE AND SUBMIT THIS FORM BY**

**[INSERT DATE]**

**TO BE ELIGIBLE TO OPT-IN TO THIS LAWSUIT AND RECEIVE MONEY FROM
THE SETTLEMENT**

**UNTIMELY CLAIMS WILL BE REJECTED**

**YOU MUST SIGN AND MAIL THIS OPT-IN FORM IN THE SELF ADDRESSED
POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS OF
PLAINTIFFS' COUNSEL BELOW:**
**Lloyd Ambinder, Esq.**
Virginia & Ambinder, LLC
111 Broadway, Suite 1403

New York, New York 10006
RE: THERMAL INSULATION

## I.   INSTRUCTIONS

1.  You must <u>sign</u> and <u>mail</u> this Opt-in Form in order to be eligible to be paid money from this Settlement.  Your Claim Form must be postmarked on or before the date above, or it will be rejected.

2.  If you move, please send Plaintiffs' Counsel your new address.  It is your responsibility to keep a current address on file with Plaintiffs' Counsel.

3.  If you sign and mail this Opt-in Form postmarked on or before the date above, Thermal Insulation, Inc. ("Thermal") will calculate your settlement amount in the manner described in the attached Notice and send you a check for the applicable amount based on when you worked for Thermal during the relevant time periods.

4.  If you are a current Thermal employee, submitting a claim will not impact your employment with Thermal in any way.

**Yes, I wish to be a part of this settlement and this case.**  My signature constitutes a full and complete release by me of Thermal and its present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns, and any individual or entity which could be jointly liable with Thermal, or any of them, for all causes of action, claims, suits, petitions, liabilities, demands in law and equity, damages, sums of money, awards, obligations, judgments, contracts, agreements, promises, liens, equitable or legal, and administrative relief, declaratory relief, interest, demands or rights that have been, could have been, may be or could be alleged or asserted now or in the future arising out of, or in any way related to any claims for wages, overtime wages, and prevailing wages, under federal wage and hour laws, including, but not limited to, the FLSA, or under state minimum wage or overtime statutes, state wage payment and collection statutes, and any claims for overtime or minimum wage remuneration or compensation for employment asserted under state common law under any theory of tort, contract, or otherwise.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____

(Sign your name here)                              (Date)

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERMAN ROSALES and LUIS | ) | |
| CARTAGENA, individually and | ) | |
| on behalf of all other persons similarly | ) | |
| situated who were employed by | ) | |
| THERMAL INSULATION, INC. | ) | CIVIL ACTION |
| INC. | ) | FILE NO. 10-cv-1970-JOF |
| | ) | |
| Plaintiffs, | ) | COLLECTIVE ACTION |
| | ) | UNDER THE FAIR LABOR |
| vs. | ) | STANDARDS ACT |
| | ) | |
| THERMAL INSULATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF PRELIMINARY APPROVAL

Upon consideration of the joint motion for preliminary approval of the class-wide settlement and its supporting exhibits, and affidavit, and

It appearing that the proposed settlement is fair and reasonable, and

It further appearing that a "Notice of Collective Action Settlement and Settlement Hearing" ("Notice") describing the settlement and providing instructions on how to object will be sent to all putative class members,

It is therefore this ____ day of _____ 2011

ORDERED that the parties' class-wide settlement is preliminarily fair and reasonable;

ORDERED that Plaintiffs German Rosales and Luis Cartagena are appointed as the representative plaintiffs in this class action;

ORDERED that Virginia & Ambinder, LLC, and Munger & Stone, LLP are appointed as Class Counsel for the Class Members;

ORDERED that for purposes of settlement a Settlement Class is certified consisting of the following Class:

> All current and former nonexempt employees who work or have worked for Thermal Insulation, Inc., at any time during the period beginning April 1, 2008 and ending June 30, 2010, and who received a payment during one or more workweeks during that period designated as "Non-Tax Trvl" on their pay stubs.

ORDERED that:

- Within fifteen (15 days) of the date of this order, Class Counsel shall send by first-class mail the Notice (including Opt-in Form) to all putative Class Members;

- Class members shall opt-in or lodge objections as set forth in the Notice which  was jointly proposed by the parties and filed with by the Court;

ORDERED that the form and content of the Notice is adequate, proper, comport with Due Process and are hereby approved.

Counsel for the parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.


_____
HONORABLE J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

(TO BE SUBMITTED SEPARATELY ON COMPACT DISC)

# EXHIBIT D

1.  German Rosales

2.  Luis Cartagena

3.  Jose Cruz

4.  Juan Soto

5.  Rose Rayborn

6.  Albert Grier

7.  Oscar Duron

8.  Ojeo Ventura

9.  Graviel Garcia

10. Juan Partida

11. Leif Causey

12. Gabriel Luna Cienfuegos

4822-1098-1642, v. 1